FILED by EG   D.C.
ELECTRONIC

Jun 24 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 05-80300-CIV-MARRA/SELTZER

LINEX TECHNOLOGIES, INC.,

    Plaintiff,

v.

MOTOROLA, INC.; NORTEL NETWORKS, INC.; TROPOS NETWORKS, INC.; FIRETIDE, INC.; STRIX SYSTEMS, INC., and BELAIR NETWORKS, INC.,

    Defendants.

### DEFENDANT STRIX SYSTEMS, INC.S' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO LINEX COMPLAINT

Defendant Strix Systems, Inc. ("Defendant"), by and through its undersigned counsel, hereby answers the Complaint of Linex Technologies, Inc. and states:

1. Regarding the allegations of paragraph 1, Strix is without knowledge or information sufficient to form a belief as to the truth of the allegations.

2. Regarding the allegations of paragraph 2, Strix is without knowledge or information sufficient to form a belief as to the truth of the allegations.

3. Regarding the allegations of paragraph 3, Strix is without knowledge or information sufficient to form a belief as to the truth of the allegations.

4. Regarding the allegations of paragraph 4, Strix is without knowledge or information sufficient to form a belief as to the truth of the allegations.

5. Regarding the allegations of paragraph 5, Strix is without knowledge or information sufficient to form a belief as to the truth of the allegations.

6. Regarding the allegations of paragraph 6, the allegations are admitted.

BERGER SINGERMAN
attorneys at law

Boca Raton   Fort Lauderdale   Miami   Tallahassee

350 East Las Olas Boulevard   Suite 1000   Fort Lauderdale, Florida 33301   Telephone 954·525·9900   Facsimile 954·523·2872

19/ss

7.  Regarding the allegations of paragraph 7, Strix is without knowledge or information sufficient to form a belief as to the truth of the allegations.

8.  Regarding the allegations of paragraph 8, Strix admits that the Complaint purports to state a cause of action under the patent laws and that, for that reason, the Court has jurisdiction under 35 U.S.C. §1338(a). Strix further admits venue is proper for the claims against it under §1391(b) and (c) because it is subject to personal jurisdiction in this Court for such claims. Strix denies the remaining allegations of the paragraph.

9.  Regarding the allegations of paragraph 9, Strix admits that Exhibit A to the Complaint appears to be a copy of U.S. Patent No. 6,493,377 ("the '377 patent"). Strix further admits that the '377 patent generally relates to distributed networks having a plurality of remote stations with a plurality of nodes, and that such networks are often referred to as "mesh" networks. With respect to the remaining allegations, Strix is without knowledge or information sufficient to form a belief as to their truth.

10. Regarding the allegations of paragraph 10, Strix is without knowledge or information sufficient to form a belief as to the truth of the allegations.

11. Regarding the allegations of paragraph 11, Strix is without knowledge or information sufficient to form a belief as to the truth of the allegations.

12. Regarding the allegations of paragraph 12, Strix is without knowledge or information sufficient to form a belief as to the truth of the allegations.

13. Regarding the allegations of paragraph 13, Strix is without knowledge or information sufficient to form a belief as to the truth of the allegations.

14. Regarding the allegations of paragraph 14, Strix admits that it manufactures and sells Access/One Network IWS and Access/One Network OWS products, and such products relate to mesh network and mesh network components. Strix denies the remaining allegations of the paragraph.

15. Regarding the allegations of paragraph 15, Strix is without knowledge or information sufficient to form a belief as to the truth of the allegations.

BERGER SINGERMAN
attorneys at law

Boca Raton  Fort Lauderdale  Miami  Tallahassee

2 of 5   350 East Las Olas Boulevard  Suite 1000  Fort Lauderdale, Florida 33301  Telephone 954·525·9900  Facsimile 954·523·2872

16. Regarding the allegations of paragraph 16, Strix denies the allegations to the extent they are directed activities of Strix. With respect to the remaining allegations, Strix is without knowledge or information sufficient to form a belief as to their truth.

17. To the extent any allegations of the Complaint are not addressed above, they are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Strix is not infringing claims 32 and 33 of the '377 patent because, at the least, the nodes in the products accused of infringement do not exchange "traffic density" information with adjoining nodes.

### Second Affirmative Defense

After an opportunity for sufficient discovery, the evidence will demonstrate that the '377 patent is invalid for failure to comply with the requirements of 35 U.S.C. §§ 102, 103 and/or 112.

## COUNTERCLAIM FOR DECLARATORY RELIEF

1. Strix incorporates herein as if fully set forth the admissions, allegations and denials set forth above.

2. There is a justiciable controversy between plaintiff and Strix as to whether Strix has infringed any patent rights owned by plaintiff, including any valid claims of the '377 patent.

3. Strix has not infringed the '377 patent, and is entitled to a declaratory judgment that it has not infringed.

4. After an opportunity for sufficient discovery, the evidence will demonstrate that the '377 patent, including the asserted claims of the '377 patent, are invalid, and Strix is entitled to a declaratory judgment that the patent is invalid.

**WHEREFORE**, Defendant Strix Systems, Inc. respectfully requests the Court to enter a judgment as follows: (1) that all claims against Strix Systems, Inc. be dismissed with prejudice, and that Linex take nothing by way of the Complaint; (2) that Linex, including its directors, officers, attorneys, agents and all persons in active participation or in concert with such persons, be permanently enjoined from asserting that Strix or any of Strix's customers, distributors or agents have infringed, directly or indirectly, the '377 patent or any of Linex's patent rights, and have not, in particular, infringed any of plaintiff's rights as a result of the making, sale, offer for sale, or use of any products manufactured or distributed by Strix; (3) That the case be declared exceptional, and that Linex be required to pay Strix's attorneys' fees and costs pursuant to 35 U.S.C. §285 or as otherwise permitted by law; and (4) that Strix be granted any further relief that the Court deems just and proper.

Respectfully submitted,

BERGER SINGERMAN
Attorneys for Strix Systems, Inc.
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301
Phone: (954) 525-9900
Fax: (954) 523-2872

By: _____
Charles H. Lichtman
Florida Bar No. 501050
clichtman@bergersingerman.com

PERKINS COIE LLP

Ramsey M. Al-Salam (*Pro Hac Vice Pending*)
Ryan J. McBrayer (*Pro Hac Vice Pending*)
1201 Third Avenue, 40th Floor
Seattle, WA 98101
Phone: (206) 359-8000/Fax: (206) 359-9000
Attorneys for Defendant Strix Systems, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. Mail this 24th day of June, 2005 to:

Willie E. Gary
Madison McCellan
GARY, WILLIAMS, PARENTI, FINNEY,
LEWIS, McMANUS, WATSON &
SPERANDO
221 East Osceeloa Street
Stuart, FL 34994-2175

Edward W. Goldstein
Corby R. Vowell
GOLDSTEIN & FAUCETT, LLP
1177 West Loop South, Suite 400
Houston, TX 77027

By: _____
Charles H. Lichtman, Esq.

289619-1