FILED by _GG_ D.C.
ELECTRONIC

Jul 15 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO. 05-80300 CIV-MARRA/SELTZER

LINEX TECHNOLOGIES, INC.,

    Plaintiff,

v.

MOTOROLA, INC., NORTEL NETWORKS INC.,
TROPOS NETWORKS, INC., FIRETIDE, INC.,
STRIX SYSTEMS, INC., and BELAIR
NETWORKS, INC.,

    Defendants.
_____/

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
## OF DEFENDANT NORTEL NETWORKS, INC.

Defendant Nortel Networks Inc. ("Nortel") hereby responds to the Complaint by Plaintiff Linex Technologies, Inc. ("Linex").

### ANSWER

Nortel answers and avers as follows, the numbered paragraphs corresponding to the like-numbered paragraphs of the Complaint.

1.    Nortel lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

2.    Nortel lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

3.    Admitted.

4.    Nortel lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

5. Nortel lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

6. Nortel lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

7. Nortel lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

8. Nortel admits that the Complaint purports to recite an action arising under the patent laws of the United States. Nortel does not object to venue in this judicial district.

9. Nortel admits that Exhibit A to the Complaint is a copy of United States Patent No. 6,493,377 ("the '377 patent"), but denies that the '377 patent was duly and legally issued. Nortel admits that the claims of the '377 patent recite, *inter alia*, a distributed network having a plurality of remote stations and a plurality of nodes, but otherwise denies Linex's characterization of the '377 patent. Nortel lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Linex's ownership and enforcement rights with respect to the '377 patent and therefore denies the same.

10. Nortel lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

11. Nortel admits that it sells the Wireless Access Point 7220 and the Wireless Gateway 7250, and further admits that it licenses the Optivity Network Management System (now called the Enterprise Network Management System). In all other respects, denied.

12. Nortel lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

13. Nortel lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

14. Nortel lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

15. Nortel lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

16. As to Nortel, denied. As to the other named defendants, Nortel lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

17. No response is deemed necessary to Linex's jury demand.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense - Noninfringement

1. Nortel has neither directly infringed, contributed to the infringement of, nor actively induced others to infringe any valid and enforceable claim of the '377 patent.

2. Properly construed, no valid and enforceable claim of the '377 patent covers, either literally or under the doctrine of equivalents, (a) any process used in the United States by Nortel, (b) any product made, used, sold, offered for sale, or imported into the United States by Nortel, or (c) any process used to make any product used, sold, offered for sale, or imported into the United States by Nortel.

3. As a result of the proceedings before the United States Patent and Trademark Office in connection with prosecution of the application maturing into the '377 patent, Linex is estopped from asserting a construction of any claim of the '377 patent that would cover, either

literally or under the doctrine of equivalents, any process used by Nortel, or any product made, used, sold, offered for sale, or imported by Nortel.

### Second Affirmative Defense - Invalidity

4. The '377 patent is invalid for failure to satisfy one or more requirements for patentability set forth in the patent laws of the United States, Title 35, United States Code, including but not necessarily limited to the requirements set forth in Sections 102, 103 and 112.

### COUNTERCLAIMS

Counterclaim-Plaintiff Nortel Networks Inc. ("Nortel") asserts the following counterclaims against Counterclaim-Defendant Linex Technologies, Inc. ("Linex"). Nortel claims and avers as follows:

### The Parties

1. Nortel is a corporation incorporated under the laws of the State of Delaware, having executive offices at 4008 E. Chapel Hill-Nelson Highway, Research Triangle Park, North Carolina 27709.

2. On information and belief, Linex is a corporation incorporated under the laws of the State of Delaware, having its principal place of business at 187 Highway 36, West Long Branch, New Jersey 07764.

### Jurisdiction and Venue

3. This is an action for a declaratory judgment of noninfringement and invalidity of U.S. Patent No. 6,493,377 ("the '377 patent").

4. Linex claims to be the owner of the '377 patent, and has charged Nortel with infringement thereof. Nortel has denied the charge of infringement and has alleged that the '377 patent is invalid.

5.   There is an actual and justiciable controversy between Nortel and Linex with respect to infringement and validity of the '377 patent.

6.   This Court has subject matter jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. §§ 1331, 1338, 1367(a), and 2201-2202.

7.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

### First Counterclaim - Declaratory Judgment of Noninfringement

8.   Nortel has neither directly infringed, contributed to the infringement of, nor actively induced other to infringe any valid and enforceable claim of the '377 patent.

9.   Properly construed, no valid and enforceable claim of the '377 patent covers, either literally or under the doctrine of equivalents, (a) any process used in the United States by Nortel, (b) any product made, used, sold, offered for sale, or imported into the United States by Nortel, or (c) any process used to make any product used, sold, offered for sale, or imported into the United States by Nortel.

10.   As a result of the proceedings before the United States Patent and Trademark Office in connection with prosecution of the application for the '377 patent, Linex is estopped from asserting a construction of any claim of the '377 patent that would cover, either literally or under the doctrine of equivalents, any process used by Nortel, or any product made, used, sold, offered for sale, or imported by Nortel.

### Second Counterclaim - Declaratory Judgment of Invalidity

11.   The '377 patent is invalid for failure to satisfy one or more requirements for patentability set forth in the patent laws of the United States, Title 35, United States Code, including but not necessarily limited to the requirements set forth in Sections 102, 103 and 112.

WHEREFORE, Nortel respectfully requests that the Court enter judgment:

1. Dismissing the Complaint against Nortel in its entirety, with prejudice;

2. Denying Linex any and all relief for any claim in the Complaint;

3. Declaring that Nortel has not infringed any claim of the '377 patent;

4. Declaring that each and every claim of the '377 patent is invalid;

5. Declaring that this is an exceptional case under 35 U.S.C. § 285;

6. Awarding Nortel the costs of this action and its reasonable attorneys fees to the fullest extent permitted by law; and

7. Granting Nortel such other and further relief as the Court deems just and proper.

Date: July 15, 2005

Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
First Union Center, Suite 1900
200 East Broward Boulevard
Fort Lauderdale, Florida 33301
(954) 462-9500

By: _____
MARISSA D. KELLEY
Florida Bar No. 379300

Mark M. Supko
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 624-2500

ATTORNEYS FOR NORTEL NETWORKS INC.

2247338