IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80300-CIV-MARRA/SELTZER

LINEX TECHNOLOGIES, INC.,

    Plaintiff,

v.

MOTOROLA, INC.; NORTEL NETWORKS,
INC.; TROPOS NETWORKS, INC.; and
STRIX SYSTEMS, INC.,

    Defendants.

## UNOPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15 and Local Rule 15.1, Plaintiff Linex Technologies, Inc. ("Linex") respectfully submits this Unopposed Motion for Leave to File First Amended Complaint. In accordance with Local Rule 15.1, a copy of Linex's proposed First Amended Complaint is attached hereto as Exhibit A.

### I. SUMMARY OF MOTION

Linex submits this unopposed motion to obtain leave of Court so that Linex may amend its original Complaint to assert two additional claims in United States Patent No. 6,493,377 ("the '377 patent") that it believes to are infringed by the defendants, to clarify and include additional defendant products accused of infringement, and to make absolutely clear that the infringement allegations in this case are encompassed under theories of literal infringement, as well as infringement under the doctrine of equivalents. Linex also seeks leave to amend its complaint to assert additional claims that defendants infringe a separate and newly issued Linex patent, which

was issued by the Unites States Patent and Trademark Office well after suit was filed and almost six months after the July 2006 claim construction hearing.[1]

The addition of the new claims and new patent introduces claim terms that were not previously addressed by the parties in their briefs or at the *Markman* hearing. Therefore, the parties respectfully request a new briefing schedule to address these new terms and, at the Court's discretion, a hearing on same at the Court's convenience.

For the reasons stated herein and because defendants are unopposed to this motion, Linex respectfully requests that the Court grant this unopposed motion and allow Linex to file its First Amended Complaint.

## II.  PROCEDURAL POSTURE

Linex filed its Original Complaint on April 7, 2005, alleging that Defendants Motorola, Inc. ("Motorola"), Nortel Networks, Inc. ("Nortel"), Tropos Networks, Inc. ("Tropos"), Strix Systems, Inc. ("Strix"), Firetide, Inc. ("Firetide") and BelAir Networks, Inc. ("BelAir") infringed claims 32 and 33 of the '377 patent".

In accordance with *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995) (*en banc*), *aff'd*, 517 U.S. 370 (1996), the Court held a claim construction hearing on July 20, 2006. As of this date, the Court has not issued its order construing claims 32 and 33 of the '377 patent.

Subsequent to the claim construction hearing, the parties submitted an Agreed Motion to Vacate All Pretrial and Trial Deadlines. Doc. No. 102. On February 8, 2007, the Court entered an Endorsed Order granting the motion and ordered that "[a]ll deadlines set forth in the Court's

---

[1] On January 23, 2007, United States Patent No. 7,167,503, entitled "Distributed Spread-Spectrum Network," was issued by the United States Patent and Trademark Office ("the '503 patent"). *See* Amended Complaint Exhibit A and Exhibit B attached thereto. The '503 patent is a continuation of Application No. 09/729,911, which issued as the '377 patent, the only patent currently at issue in this lawsuit.

2

order setting trial . . . and order extending time for expert disclosure and fact discovery . . . are stayed. Once Markman claim construction ruling is issued, parties may file a revised proposed scheduling order." Doc. No. 103.

To date, the parties have only exchanged "paper" discovery; no depositions have been taken of parties, third-parties, or experts; and no expert reports have been exchanged. Moreover, only three defendants remain in this lawsuit as of August 29, 2007 – Nortel, Strix and Tropos.[2]

### III.  ARGUMENTS AND AUTHORITIES

Federal Rule of Civil Procedure 15(a) provides that "[leave to amend] shall be freely given when justice so requires." Courts have interpreted the amendment provisions liberally, "in line with the Federal Rules' overall goal of resolving disputes, insofar as possible, on the merits and in a single judicial proceeding." *Spartan Grain & Mill Co. v. Ayers*, 517 F.2d 214, 220 (5th Cir. 1975).[3] Further, the Eleventh Circuit has observed "unless a substantial reason exists to deny leave to amend, the discretion of the court is not broad enough to permit denial." *Shipner v. Eastern Air Lines, Inc.*, 869 F.2d 401, 407 (11th Cir. 1989).

In determining whether a substantial reason exists to deny leave to amend, this Court may consider the following four factors: (1) undue delay, bad faith or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party by virtue of the allowance of the amendment; and (4) futility of amendment. *Nolin v. Douglas County*, 903 F. 2d 1546, 1550 (11th Cir. 1990) (citing

---

[2] BelAir, Firetide and Motorola have been dismissed from this lawsuit. *See* Doc. Nos. 43, 50 and 108.

[3] In *Bonner v. City of Pritchard*, 661 F. 2d 1206, 1209 (11th Cir. 1981)(*en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

3

*Forman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Hargett v. Valley Federal Savings Bank*, 60 F. 3d 754, 763 (11th Cir. 1995).

None of the foregoing factors are present in the instant case. Linex has no dilatory motive, is not acting in bad faith and does not seek undue delay of this lawsuit by filing the instant motion. On the contrary, this motion and Linex's proposed First Amended Complaint is directed to putting all issues in this patent infringement lawsuit squarely before the Court – some of which arose well after suit was filed – in an effort to obviate the need for separate litigation against Nortel, Strix and Tropos.

As to the second factor, listed above, Linex has not previously requested leave of this Court to amend its pleadings. Thus, there is no "repeated failure to cure deficiencies by amendments previously allowed." Defendants' consent eliminates the need to address the third factor. In any event, considering that Court has yet to issue an order construing claims 32 and 33 of the '377 patent, and discovery in the case has been stayed, the parties will have ample opportunity to conduct discovery on the two newly asserted claims of the '377, and the asserted claims of the '503 patent, after additional claim construction briefing and, should the Court deem it necessary, an additional claim construction hearing to address any new issues that arise as a result of the amendment.

With respect to the final of the foregoing factors, the additional claims Linex desires to include in its First Amended Complaint are necessary to explore the full range of defendants' alleged infringement of the '377 patent and the newly issued '503 patent. Accordingly, it is thus apparent that Linex's amended claims are not futile in nature.

## IV. CONCLUSION

Based on the foregoing, Linex respectfully requests that the Court enter an order granting Linex leave of Court to file the attached First Amended Complaint.

4

## CERTIFICATE OF CONFERENCE

Counsel for Linex has conferred with defendants' counsel to discuss this motion. Each of the defendants are in agreement and unopposed to this motion.

Respectfully submitted,

Dated:   November 26, 2007

s/Julie Braman Kane
Julie Braman Kane
Florida Bar No. 980277
**COLSON HICKS EIDSON**
Aragon Avenue, 2nd Floor
Coral Gables, FL  33134-5008
Tel:  (305) 476-7400
Fax:  (305) 476-7444
Email: Julie@colson.com

Edward W. Goldstein (admitted *pro hac vice*)
Corby R. Vowell (admitted *pro hac vice*)
Stephen W. Abbott (admitted *pro hac vice*)
**GOLDSTEIN, FAUCETT & PREBEG, LLP**
1177 West Loop South, Suite 400
Houston, TX  77027
Tel:  (713) 877-1515
Fax:  (713) 877-1737
Email: egoldstein@gfpiplaw.com
Email: cvowell@gfpiplaw.com
Email: sabbott@gfpiplaw.com

**ATTORNEYS FOR PLAINTIFF,
LINEX TECHNOLOGIES, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 26th day of November 2007, the foregoing document was electronically filed with the Clerk of the Court via CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or some other authorized manner for those counsel or parties who are not authorized to receive automatic Notices of Electronic Filing.

s/Julie Braman Kane
Julie Braman Kane

## SERVICE LIST

Linex Technologies, Inc. vs. Motorola, Inc. et al.

Case No. 05-80300-CIV-MARRA/SELTZER

| * **Counsel for Tropos Networks, Inc.** | * **Counsel for Nortel Networks, Inc.** |
|---|---|
| James A. Gale, Esq.<br>Fla. Bar No. 371726<br>Gregory L. Hillyer, Esq.<br>Fla. Bar No. 682489<br>**Feldman Gale, P.A.**<br>Miami Center, Suite 1920<br>201 South Biscayne Blvd.<br>Miami, FL  33131-4332<br>Tel: (305) 358-5001/ Fax: (305) 358-3309<br>Email: jgale@feldmangale.com<br>Email: ghillyer@feldmangale.com<br>Service via CM/ECF | Marissa D. Kelley, Esq.<br>Fla. Bar No. 379300<br>**Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, L.L.P.**<br>200 E. Broward Boulevard, Suite 1900<br>Fort Lauderdale, Florida  33301-1949<br>Tel: (954) 462-9500/ Fax: (954) 462-9567<br>Email: mkelley@swmwas.com<br>Service via CM/ECF<br><br>Mark M. Supko, Esq.<br>Michael H. Jacobs, Esq.<br>**Crowell & Moring, L.L.P.**<br>1001 Pennsylvania Avenue, N.W.<br>Washington, DC  20004-2595<br>Tel: (202) 624-2500/ Fax: (202) 628-5116<br>Email: msupko@crowell.com<br>Email: mjacobs@crowell.com<br>Service via CM/ECF |
| * **Counsel for Strix Systems, Inc.**<br><br>Ramsey M. Al-Salem, Esq.<br>Jessica L. Rossman, Esq.<br>**Perkins Coie, L.L.P.**<br>1201 Third Avenue, Suite 4800<br>Seattle, WA  98101-3099<br>Tel: (206) 359-8000/ Fax: (206) 359-9000<br>Email: ralsalam@perkinscoie.com<br>Email: jrossman@perkinscoie.com<br>Service via CM/ECF<br><br>Charles H. Lichtman, Esq.<br>Fla. Bar No. 501050<br>**Berger Singerman**<br>Las Olas Centre II<br>350 E. Las Olas Boulevard, Suite 1000<br>Fort Lauderdale, Florida  33301<br>Tel: (954) 627-9913/ Fax: (954) 523-2872<br>Email: clichtman@bergersingerman.com<br>Service via CM/ECF | |