IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO. 05-80300 CIV-MARRA/SELTZER

LINEX TECHNOLOGIES, INC.,

     Plaintiff,

v.

MOTOROLA, INC., NORTEL NETWORKS INC.,
TROPOS NETWORKS, INC., STRIX SYSTEMS,
INC.,

     Defendants.

------------------------------------------------

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANT NORTEL NETWORKS, INC. TO FIRST AMENDED COMPLAINT

Defendant Nortel Networks Inc. ("Nortel") hereby responds to the First Amended

Complaint by Plaintiff Linex Technologies, Inc. ("Linex").

### ANSWER

Nortel answers and avers as follows, the numbered paragraphs corresponding to the like-

numbered paragraphs of the First Amended Complaint.

1.     Nortel lacks knowledge or information sufficient to form a belief as to the truth of

the allegations and therefore denies the same.

2.     Admitted.

3.     Nortel lacks knowledge or information sufficient to form a belief as to the truth of

the allegations and therefore denies the same.

4.     Nortel lacks knowledge or information sufficient to form a belief as to the truth of

the allegations and therefore denies the same.

5.    Nortel admits that the First Amended Complaint purports to recite an action arising under the patent laws of the United States, and Nortel does not dispute this Court's subject matter jurisdiction.

6.    Nortel does not object to venue in this judicial district.

6.[1]    Nortel admits that Exhibit A to the First Amended Complaint is a copy of United States Patent No. 6,493,377 ("the '377 patent"), which is entitled "Distributed Network, Spread-Spectrum System," but denies that the '377 patent was duly and legally issued.

7.    Nortel admits that the '377 patent is entitled to a presumption of validity pursuant to 35 U.S.C. § 282, but Nortel denies that the '377 patent is valid.

8.    Nortel lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

9.    Nortel admits that it manufactures and sells mesh network components, including the Wireless Access Point 7215, Wireless Access Point 7220, and the Wireless Gateway 7250, and further admits that it licenses the Optivity Network Management System (now called the Enterprise Network Management System). In all other respects, denied.

10.    Nortel lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

11.    Nortel lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

---

[1] Nortel notes that the First Amended Complaint contained consecutive paragraphs numbered "6." In order to track the First Amended Complaint, this Answer has similarly numbered paragraphs.

12.     As to Nortel, denied.  As to the other named defendants, Nortel lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

13.     Nortel admits that Exhibit B to the First Amended Complaint is a copy of United States Patent No. 7,167,503 ("the '503 patent"), which is entitled "Distributed Spread-Spectrum Network," but denies that the '503 patent was duly and legally issued.

14.     Nortel admits that the '503 patent is entitled to a statutory presumption of validity pursuant to 35 U.S.C. § 282, but Nortel denies that the '503 patent is valid.

15.     Nortel lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

16.     Nortel admits that it manufactures and sells mesh network components, including the Wireless Access Point 7215, Wireless Access Point 7220, and the Wireless Gateway 7250, and further admits that it licenses the Optivity Network Management System (now called the Enterprise Network Management System).  In all other respects, denied.

17.     Nortel lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

18.     Nortel lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

19.     As to Nortel, denied.  As to the other named defendants, Nortel lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

20.     No response is deemed necessary to Linex's jury demand.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense - Noninfringement

1.      Nortel has not directly infringed, contributed to the infringement of, or actively induced others to infringe any valid and enforceable claim of the '377 patent or the '503 patent (collectively, the "patents-in-suit").

2.      Properly construed, no valid and enforceable claim of the patents-in-suit cover, either literally or under the doctrine of equivalents, (a) any process used in the United States by Nortel, (b) any product made, used, sold, offered for sale, or imported into the United States by Nortel, or (c) any process used to make any product used, sold, offered for sale, or imported into the United States by Nortel.

3.      As a result of the proceedings before the United States Patent and Trademark Office in connection with prosecution of the applications maturing into the patents-in-suit, Linex is estopped from asserting a construction of any claim of the patents-in-suit that would cover, either literally or under the doctrine of equivalents, any process used by Nortel, or any product made, used, sold, offered for sale, or imported by Nortel.

### Second Affirmative Defense - Invalidity

4.      The patents-in-suit are invalid for failure to satisfy one or more requirements for patentability set forth in the patent laws of the United States, Title 35, United States Code, including but not necessarily limited to the requirements set forth in Sections 102, 103, and 112.

### Third Affirmative Defense – Unenforceability

5.      The '503 patent is unenforceable due to Linex's failure to provide to the U.S. Patent and Trademark Office ("USPTO") various prior art references material to the patentability of the claims in that patent, as detailed below.

6.      On October 6, 2006, Nortel served Linex with Nortel's Supplemental Responses to Linex's First Set of Interrogatories. Attachment A. In particular, Nortel's supplemental response to Linex's Interrogatory No. 4 listed over 50 references that render, either alone or in combination, one or more claims of the '377 patent invalid.

7.      The references identified in Nortel's supplemental response to Linex's Interrogatory No. 4, including but not limited to U.S. Patent No. 5,602,838, were material to the patentability of one or more claims in the '503 patent. Attachment B.

8.      On October 18, 2006, the USPTO issued a Notice of Allowance for the application that matured into the '503 patent. Attachment C.

9.      On October 20, 2006, Linex paid the issue fee for the application that matured into the '503 patent. Attachment D.

10.     During prosecution of the application that matured into the '503 patent, Linex failed to disclose to the USPTO all but one of the references cited by Nortel in its supplemental response to Linex's Interrogatory No. 4. On information and belief, Linex failed to disclose those references with an intent to deceive the USPTO concerning the state of the prior art.

11.     Linex's failure to disclose to the USPTO the references identified by Nortel in its supplemental response to Linex's Interrogatory No. 4, including but not limited to U.S. Patent No. 5,602,838, constituted a violation of 37 C.F.R. § 1.56.

12.     Therefore, the claims of the '503 patent should be deemed unenforceable due to inequitable conduct.

## COUNTERCLAIMS

Counterclaim-Plaintiff Nortel Networks Inc. ("Nortel") asserts the following counterclaims against Counterclaim-Defendant Linex Technologies, Inc. ("Linex"). Nortel claims and avers as follows:

### The Parties

1.      Nortel is a corporation incorporated under the laws of the State of Delaware, having executive offices at 4008 E. Chapel Hill-Nelson Highway, Research Triangle Park, North Carolina 27709.

2.      On information and belief, Linex is a corporation incorporated under the laws of the State of Delaware, having its principal place of business at 187 Highway 36, West Long Branch, New Jersey 07764.

### Jurisdiction and Venue

3.      This is an action for a declaratory judgment of noninfringement and invalidity of U.S. Patent No. 6,493,377 ("the '377 patent") and U.S. Patent No. 7,167,503 ("the '503 patent") (collectively, the "patents-in-suit").

4.      Linex claims to be the owner of the patents-in-suit and has charged Nortel with infringement thereof. Nortel has denied the charge of infringement and has alleged that the patents-in-suit are invalid.

5.      There is an actual and justiciable controversy between Nortel and Linex with respect to infringement and validity of the patents-in-suit.

6.      This Court has subject matter jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. §§ 1331, 1338, 1367(a), 2201, and 2202.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

First Counterclaim – Declaratory Judgment of Noninfringement

8.      Nortel has not directly infringed, contributed to the infringement of, or actively induced other to infringe any valid and enforceable claim of the patents-in-suit.

9.      Properly construed, no valid and enforceable claim of the patents-in-suit covers, either literally or under the doctrine of equivalents, (a) any process used in the United States by Nortel, (b) any product made, used, sold, offered for sale, or imported into the United States by Nortel, or (c) any process used to make any product used, sold, offered for sale, or imported into the United States by Nortel.

10.     As a result of the proceedings before the United States Patent and Trademark Office in connection with prosecution of the application for the patents-in-suit, Linex is estopped from asserting a construction of any claim of the patents-in-suit that would cover, either literally or under the doctrine of equivalents, any process used by Nortel, or any product made, used, sold, offered for sale, or imported by Nortel.

Second Counterclaim – Declaratory Judgment of Invalidity

11.     The patents-in-suit are invalid for failure to satisfy one or more requirements for patentability set forth in the patent laws of the United States, Title 35, United States Code, including but not necessarily limited to the requirements set forth in Sections 102, 103, and 112.

Third Counterclaim – Unenforceability

13.     The '503 patent is unenforceable due to Linex's failure to provide to the U.S. Patent and Trademark Office ("USPTO") various prior art references material to the patentability of the claims in that patent, as detailed below.

14.     On October 6, 2006, Nortel served Linex with Nortel's Supplemental Responses to Linex's First Set of Interrogatories. Attachment A. In particular, Nortel's supplemental

7

response to Linex's Interrogatory No. 4 listed over 50 references that render, either alone or in combination, one or more claims of the '377 patent invalid.

15.    The references identified in Nortel's supplemental response to Linex's Interrogatory No. 4, including but not limited to U.S. Patent No. 5,602,838, were material to the patentability of one or more claims in the '503 patent.  Attachment B.

16.    On October 18, 2006, the USPTO issued a Notice of Allowance for the application that matured into the '503 patent.  Attachment C.

17.    On October 20, 2006, Linex paid the issue fee for the application that matured into the '503 patent.  Attachment D.

18.    During prosecution of the application that matured into the '503 patent, Linex failed to disclose to the USPTO all but one of the references cited by Nortel in its supplemental response to Linex's Interrogatory No. 4.  On information and belief, Linex failed to disclose those references with an intent to deceive the USPTO concerning the state of the prior art.

19.    Linex's failure to disclose to the USPTO the references identified by Nortel in its supplemental response to Linex's Interrogatory No. 4, including but not limited to U.S. Patent No. 5,602,838, constituted a violation of 37 C.F.R. § 1.56.

20.    Therefore, the claims of the '503 patent should be deemed unenforceable due to inequitable conduct.

Date:  December 11, 2007

Respectfully submitted,

s/ Marissa D. Kelley

MARISSA D. KELLEY
Florida Bar No. 379300
mkelley@swmwas.com
**STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.**
New River Center, Suite 2100
200 East Las Olas Boulevard
Fort Lauderdale, Florida  33301
Telephone:  (954) 462-9500
Facsimile:  (954) 462-9567

Of Counsel:

Mark M. Supko, Esq.
msupko@crowell.com
Michael H. Jacobs, Esq.
mjacobs@crowell.com
**CROWELL & MORING, L.L.P.**
1001 Pennsylvania Avenue, NW
Washington, DC 20004-2595
Telephone:  202-624-2500
Facsimile:  202-628-5116

ATTORNEYS FOR NORTEL NETWORKS INC.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on December **11th**, 2007, we electronically filed the foregoing document with the Clerk of Court using CM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List by email and U.S. Mail in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/

Marissa D. Kelley

CASE NO. 05-80300 CIV-MARRA/SELTZER

## SERVICE LIST

LINEX TECHNOLOGIES, INC. vs. MOTOROLA, INC., NORTEL NETWORKS INC., *et al.*
Case No.: 05-80300 CIV-MARRA/SELTZER

Julie Braman Kane, Esq.
julie@colson.com
**COLSON HICKS EIDSON**
255 Aragon Avenue, Second Floor
Coral Gables, Florida 33134
Tel: 305-476-7400
Fax: 305-476-7444
*Counsel for Plaintiff Linex Technologies, Inc.*

Edward W. Goldstein, Esq.
egoldstein@gfiplaw.com
Corby R. Vowell, Esq.
cvowell@gfiplaw.com
Stephen W. Abbott, Esq.
sabot@gfiplaw.com
**GOLDSTEIN, FAUCETT & PREBEG, L.L.P.**
1177 West Loop South, Suite 400
Houston, TX 77027
Tel: 713-877-1515
Fax: 713-877-1145
*Counsel for Plaintiff Linex Technologies, Inc.*

Charles H. Lichtman, Esq.
clichtman@bergersingerman.com
**BERGER SINGERMAN**
Las Olas Centre II
350 E. Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 33301
Tel: 954-627-9913
Fax: 954-523-2872
*Counsel for Defendant, Strix System, Inc.*

Jessica L. Rossman, Esq.
jrossman@perkinscoie.com
Ramsey M. Al-Salem, Esq.
ralsalam@perkinscoie.com
**PERKINS COIE, L.L.P.**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Tel: 206-359-8000
Fax: 206-359-9000
*Co-Counsel for Defendant, Strix System, Inc.*

James A. Gale, Esq.
jgale@feldmangale.com
Gregory L. Hillyer, Esq.
ghillyer@feldmangale.com
**FELDMAN GALE, P.A.**
Miami Center, Suite 1920
201 South Biscayne Boulevard
Miami, Florida 33131-4332
Tel: 305-358-5001
Fax: 305-358-3309
*Counsel for Defendant, Tropos Networks, Inc.*