IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 05-80300-CIV-MARRA/SELTZER

LINEX TECHONOLOGIES, INC.

    Plaintiff,

v.

MOTOROLA, INC.; NORTEL NETWORKS,
INC; TROPOS NETWORKS, INC.; AND
STRIX SYSTEMS, INC.,

    Defendants.
_____/

### ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF TROPOS NETWORKS, INC. TO LINEX'S FIRST AMENDED COMPLAINT

Defendant Tropos Networks, Inc. ("Tropos"), by and through its counsel, Feldman Gale, P.A., hereby responds to the First Amended Complaint filed by Plaintiff Linex Technologies, Inc. ("Linex") as follows.

## ANSWER

1. Tropos lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and therefore denies same.

2. Tropos lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and therefore denies same.

3. Tropos lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and therefore denies same.

4. Tropos admits that it is properly before the Court having filed an answer to Linex's original Complaint.

5. Tropos admits that the First Amended Complaint purports to recite an action arising under the patent laws of the United States and Tropos does not dispute this Court's subject matter jurisdiction.

6. Tropos admits that venue is proper in this Court.

6.[1] Tropos admits that Exhibit A to the First Amended Complaint appears to be a copy of United States Patent No. 6,493,377 ("the '377 Patent"), entitled "Distributed Network, Spread-Spectrum System," reflecting an issue date of December 10, 2002, but denies that the '377 Patent was duly and legally issued.

7. Tropos admits that patents are entitled to a presumption of validity under 35 U.S.C. § 282, but denies that the '377 Patent is valid.

8. Tropos lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore denies same.

9. Tropos lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and therefore denies same.

10. Tropos lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and therefore denies same.

11. Tropos admits that it manufactures and sells mesh network components. Tropos admits that it has manufactured or sold, or is manufacturing and selling, the 3110 Indoor Wi-Fi Cell; the 3210 Indoor MetroMesh Router; the 4210 Mobile MetroMesh Router; the 5110 Outdoor Wi-Fi Cell; the 5210 Outdoor MetroMesh Router; the 5320 Outdoor MetroMesh Router; the 9422 Mobile Public Safety MetroMesh Router; the 9532

---

[1] Linex's First Amended Complaint contains two paragraphs labeled "6." For purposes of consistency, Tropos' Answer to the First Amended Complaint uses similar paragraph designations.

Outdoor Public Safety MetroMesh Router; and the Control Element Management System. Tropos denies that the manufacture or sale of such products has infringed or continues to infringe any of the claims of the '377 Patent, including claims 16, 22, 32 or 33, either directly, contributorily, or by inducement. All other allegations of paragraph 11 are denied.

12. Tropos denies that it has infringed the '377 Patent and therefore denies that Linex has been damaged as a result of such infringement. Tropos further denies that Tropos is liable to Linex in any amount or respect as compensation for infringement of the '377 Patent. Tropos lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Defendants Nortel Networks, Inc. or Strix Systems, Inc. and therefore denies same. All other allegations of paragraph 12 are denied.

13. Tropos admits that Exhibit B to the First Amended Complaint appears to be a copy of United States Patent No. 7,167,503 ("the '503 Patent"), entitled "Distributed Spread-Spectrum Network," reflecting an issue date of January 23, 2007, but denies that the '503 Patent was duly and legally issued.

14. Tropos admits that patents are entitled to a presumption of validity under 35 U.S.C. § 282, but denies that the '503 Patent is valid.

15. Tropos lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore denies same.

16. Tropos lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and therefore denies same.

17. Tropos lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and therefore denies same.

18. Tropos admits that it manufactures and sells mesh network components. Tropos admits that it has manufactured or sold, or is manufacturing and selling, the 3110 Indoor Wi-Fi Cell; the 3210 Indoor MetroMesh Router; the 4210 Mobile MetroMesh Router; the 5110 Outdoor Wi-Fi Cell; the 5210 Outdoor MetroMesh Router; the 5320 Outdoor MetroMesh Router; the 9422 Mobile Public Safety MetroMesh Router; the 9532 Outdoor Public Safety MetroMesh Router; and the Control Element Management System. Tropos denies that the manufacture or sale of such products has infringed or continues to infringe any of the claims of the '503 Patent, including claims 1, 2, 15, 18 or 30, either directly, contributorily, or by inducement. All other allegations of paragraph 18 are denied.

19. Tropos denies that it has infringed the '503 Patent and therefore denies that Linex has been damaged as a result of such infringement. Tropos further denies that Tropos is liable to Linex in any amount or respect as compensation for infringement of the '503 Patent. Tropos lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Defendants Nortel Networks, Inc. or Strix Systems, Inc. and therefore denies same. All other allegations of paragraph 19 are denied.

20. No response is deemed necessary to Linex's jury demand.

21. Tropos denies any and all allegations of Linex's First Amended Complaint that have otherwise not been admitted or responded to herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Tropos has not infringed, either literally or under the doctrine of equivalents, nor contributed to infringement by others, nor actively induced others to infringe, any valid claim of the '377 or '503 Patents ("the Patents-In-Suit").

### Second Affirmative Defense

Properly construed, no valid and enforceable claim of the Patents-In-Suit cover, either literally or under the doctrine of equivalents, (a) any process used in the United States by Tropos, (b) any product made, used, sold, offered for sale, or imported into the United States by Tropos, or (c) any process used to make any product used, sold, offered for sale, or imported into the United States by Tropos.

### Third Affirmative Defense

The Patents-In-Suit, and each and every claim thereof, are invalid for failure to comply with one or more of the requirements for patentability under the patent laws of the United States, Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 102, 103 and 112.

### Fourth Affirmative Defense

Linex is estopped from asserting infringement of any of the claims of the Patents-In-Suit by virtue of the fact that during the proceedings relating to the issuance thereof, and/or in the proceedings in foreign patent offices, the admissions, representations and amendments made by the alleged patentees and/or their attorneys prevent a construction of the claims of the Patents-In-Suit broad enough to encompass any product made, used, sold, or offered for sale by Tropos.

**Fifth Affirmative Defense**

Linex has failed to comply with the provisions of 35 U.S.C. § 287.

**Sixth Affirmative Defense**

Linex is not entitled to equitable relief because it has an adequate remedy at law.

**Seventh Affirmative Defense**

The '503 Patent, and each and every claim thereof, is unenforceable as a result of inequitable conduct on the part of one or more individuals associated with the prosecution of the application that matured into the '503 Patent.  In particular, material prior art was deliberately withheld from the United States Patent and Trademark Office ("USPTO") during the examination of the application that led to the '503 Patent in violation of the duty of good faith and candor under 37 C.F.R. § 1.56.

On September 20, 2006, Tropos served Linex with its Supplemental Responses to Linex's First Set of Interrogatories.  Tropos' Supplemental Response to Interrogatory No. 4 listed over fifty (50) references that render, either alone, in combination, or in view of the admissions in the '503 Patent, one or more claims of the '503 Patent invalid.  Thus, the references identified in Tropos' Supplemental Responses were material to the patentability of one or more claims in the '503 Patent.  These references included, but were not limited to, U.S. Patent No. 5,602,838; WO 99/20016; Davies, B.H., et al., "The Application of Packet Switching Techniques to Combat Net Radio," Vol. 75, No. 1 (Jan. 1987); Leiner, B.M., et al., "Issues in Packet Radio Network Design," *Proceedings of the IEEE*, Vol. 75, No. 1 (Jan. 1987); Kahn, R.E., et al., "Advances in Packet Radio Technology," *Proceedings of the IEEE*, Vol. 66, No. 11 (Nov. 1978); IFLANET, Packet Radio: Applications for Libraries in Developing Countries (1993); Kahn, R.E., "The

Organization of Computer Resources into a Packet Radio Network," *IEEE Transactions on Communications*, Vol. Com-25, No. 1 (Jan. 1977) (collectively, "the Specific References").

The USPTO did not issue a Notice of Allowance in the application that matured into the '503 Patent until October 18, 2006. Linex did not pay the issue fee for the application that matured into the '503 Patent until October 20, 2006. Thus, at the time Tropos provided its Supplemental Responses to Linex, the application that matured into the '503 Patent was still pending before the USPTO.

Nevertheless, the references identified in Tropos' Supplemental Responses were never brought to the attention of the USPTO. On information and belief, these references were withheld with the intent of, and for the purpose of, deceiving the USPTO about the state of the prior art in order to gain an allowance. As such, the examiner was deprived of the opportunity to consider all but one of these references. It is believed that had the examiner been aware of the additional references, the '503 Patent would never have issued.

Accordingly, with knowledge of material prior art, including but not limited to the Specific References, and with the intent to deceive the USPTO, including the examiner of the application that matured into the '503 Patent, Linex, one or more of the applicants and/or their attorneys intentionally withheld all but one of the references contained in Tropos' Supplemental Responses from the USPTO. Such conduct constitutes a breach of the duty of candor, good faith, and the requirement to disclose material information to the USPTO under 37 C.F.R. §1.56 rendering the '503 Patent unenforceable.

## COUNTERCLAIMS

Counterclaim-Plaintiff Tropos Networks, Inc. ("Tropos") asserts the following counterclaims against Counterclaim-Defendant Linex Technologies, Inc. ("Linex") as follows.

### The Parties

1. Tropos is a corporation incorporated under the laws of the State of Delaware, having offices at 555 Del Rey Avenue, Sunnyvale, CA.

2. On information and belief, Linex is a corporation incorporated under the laws of the State of Delaware, having its principal place of business at 187 Highway 36, West Long Branch, New Jersey.

### Jurisdiction and Venue

3. This is an action for declaratory judgment of non-infringement, invalidity and/or unenforceability of U.S. Patent No. 6,493,377 ("the '377 Patent") and U.S. Patent No. 7,167,503 ("the '503 Patent").

4. Linex claims to be the owner of the '377 and '503 Patents, and has charged Tropos with infringement thereof. Tropos has denied the charge of infringement, and has alleged that the '377 and '503 Patents are invalid. Tropos has also alleged that the '503 Patent is unenforceable.

5. There is an action and justiciable controversy between Tropos and Linex with respect to infringement, validity and/or unenforceability of the '377 and '503 Patents.

6. This Court has subject matter jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. §§ 1331, 1338, 1367 and 2201-2202.

## FIRST COUNTERCLAIM
### (For Declaration of Non-Infringement)

7. Tropos has not infringed, nor contributed to infringement by others, nor actively induced others to infringe, any valid claim of the '377 or '503 Patents.

8. An actual controversy exists between Tropos and Linex as to whether any of Tropos' products infringe any of Linex's purported rights under the '377 and '503 Patents. Linex contends that Tropos' products infringe one or more claims of the '377 and '503 Patents. Tropos denies that contention, and contends that it and its customers are entitled to use Tropos' products and services without any interference by Linex.

9. As a result, Tropos is entitled to, and seeks, a judgment against Linex that none of Tropos' products or services infringe any valid claim of the '377 or '503 Patents, either literally or under the doctrine of equivalents.

## SECOND COUNTERCLAIM
### (For Declaration of Invalidity of the '377 and '503 Patents)

10. Tropos alleges, on information and belief, that the '377 and '503 Patents, and each of their claims, are invalid for failing to meet the conditions for patentability set forth in the patent laws of the United States, Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 102, 103 and/or 112.

11. An actual controversy exists between Tropos and Linex as to whether the '377 and '503 Patents, and each of their claims, are invalid. Linex contends that the '377 and '503 Patents, and each of their claims, are valid and that Tropos and their customers infringe the '377 and '503 Patents. Tropos denies those contentions, and alleges that the claims of the '377 and '503 Patents are invalid.

12. As a result, Tropos is entitled to, and seeks, a judgment against Linex that the '377 and '503 Patents, and each of their claims, are invalid.

**THIRD COUNTERCLAIM**
**(For Declaration of Unenforceability of the '503 Patent)**

13. Tropos alleges, on information and belief, that the '503 Patent, and each of its claims, are unenforceable based on inequitable conduct committed before the USPTO during the prosecution of the application that matured into the '503 Patent.

14. An actual controversy exists between Tropos and Linex as to whether the '503 Patent, and each of its claims, are enforceable. Linex contends that the '503 Patent, and each of its claims, are enforceable. Tropos denies that contention, and alleges that the claims of the '503 Patent are unenforceable.

15. Specifically, Tropos alleges that the '503 Patent, and each and every claim thereof, is unenforceable as a result of inequitable conduct on the part of one or more individuals associated with the prosecution of the application that matured into the '503 Patent. In particular, material prior art was deliberately withheld from the United States Patent and Trademark Office ("USPTO") during the examination of the application that led to the '503 Patent in violation of the duty of good faith and candor under 37 C.F.R. § 1.56.

16. On September 20, 2006, Tropos served Linex with its Supplemental Responses to Linex's First Set of Interrogatories. Tropos' Supplemental Response to Interrogatory No. 4 listed over fifty (50) references that render, either alone, in combination, or in view of the admissions in the '503 Patent, one or more claims of the '503 Patent invalid. Thus, the references identified in Tropos' Supplemental Responses were material to the patentability of one or more claims in the '503 Patent.

17. These references included, but were not limited to, U.S. Patent No. 5,602,838; WO 99/20016; Davies, B.H., et al., "The Application of Packet Switching

10

Techniques to Combat Net Radio," Vol. 75, No. 1 (Jan. 1987); Leiner, B.M., et al., "Issues in Packet Radio Network Design," *Proceedings of the IEEE*, Vol. 75, No. 1 (Jan. 1987); Kahn, R.E., et al., "Advances in Packet Radio Technology," *Proceedings of the IEEE*, Vol. 66, No. 11 (Nov. 1978); IFLANET, Packet Radio: Applications for Libraries in Developing Countries (1993); Kahn, R.E., "The Organization of Computer Resources into a Packet Radio Network," *IEEE Transactions on Communications*, Vol. Com-25, No. 1 (Jan. 1977) (collectively, "the Specific References").

18. The USPTO did not issue a Notice of Allowance in the application that matured into the '503 Patent until October 18, 2006. Linex did not pay the issue fee for the application that matured into the '503 Patent until October 20, 2006. Thus, at the time Tropos provided its Supplemental Responses to Linex, the application that matured into the '503 Patent was still pending before the USPTO.

19. Nevertheless, the references identified in Tropos' Supplemental Responses were never brought to the attention of the USPTO. On information and belief, these references were withheld with the intent of, and for the purpose of, deceiving the USPTO about the state of the prior art in order to gain an allowance. As such, the examiner was deprived of the opportunity to consider all but one of these references. It is believed that had the examiner been aware of the additional references, the '503 Patent would never have issued.

20. Accordingly, with knowledge of material prior art, including but not limited to the Specific References, and with the intent to deceive the USPTO, including the examiner of the application that matured into the '503 Patent, Linex, one or more of the applicants and/or their attorneys intentionally withheld all but one of the references

contained in Tropos' Supplemental Responses from the USPTO. Such conduct constitutes a breach of the duty of candor, good faith, and the requirement to disclose material information to the USPTO under 37 C.F.R. §1.56 rendering the '503 Patent unenforceable.

21. As a result, Tropos is entitled to, and seeks, a judgment against Linex that the '503 Patent, and each of its claims, are unenforceable.

## REQUEST FOR RELIEF

WHEREFORE, Tropos respectfully requests:

1. That the Court deny Linex any and all relief under the First Amended Complaint;

2. That the Court dismiss the First Amended Complaint against Tropos in its entirety, with prejudice;

3. That the Court determine and declare that Tropos has not infringed, and is not infringing, any claim of the '377 or '503 Patents;

4. That the Court determine and declare that each and every claim of the '377 and '503 Patents are invalid;

5. That the Court determine and declare that each and every claim of the '503 Patent is unenforceable;

6. That the Court enjoin Linex and its agents from charging or asserting that Tropos has infringed, or is infringing, any of the claims of the '377 or '503 Patents;

7. That the Court declare that this is an exceptional case under 35 U.S.C. §285;

8. That the Court award Tropos its attorneys' fees and costs of the suit; and

      9.      That the Court grant Tropos any additional relief that the Court deems just and proper.

Date: December 13, 2007

                                    Respectfully submitted,

                                      FELDMAN GALE, P.A.
                                    Miami Center, Suite 1920
                                    201 South Biscayne Boulevard
                                    Miami, FL 33131
                                    Tel:   (305) 358-5001
                                    Fax:  (305) 358-3309

                                    By:__s/ Gregory L. Hillyer_____
                                          James A. Gale
                                          Fla. Bar No. 371726
                                          E-mail: jgale@feldmangale.com
                                          Gregory L. Hillyer
                                          Fla. Bar No. 0682489
                                          E-mail: ghillyer@feldmangale.com
                                          Christina D. DeAngelis
                                          Fla. Bar No. 664456
                                          E-mail:cdeangelis@feldmangale.com

                                    *Attorneys for Tropos Networks, Inc.*

## CERTIFICATE OF SERVICE

     I HEREBY certify that on December 13th, 2007, I electronically filed the foregoing document with the Clerk of the Court CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

*Attorneys for Plaintiff*
Julie Braman Kane, Esq.
COLSON HICKS EIDSON
255 Aragon Avenue, 2nd Floor
Coral Gables, Florida 33134-5008

Edward W. Goldstein, Esq.
Corby R. Vowell, Esq.
GOLDSTEIN & FAUCETT, LLP
1177 West Loop South, Suite 400
Houston, TX  77027

*Attorneys for Strix Systems, Inc.*
Ramsey M. Al-Salam, Esq.
PERKINGS COIE, LPP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099

Charles H. Lichtman, Esq.
BERGER SINGERMAN
350 East Las Olas Blvd.
Ft. Lauderdale, FL  33301

*Attorneys for Nortel Networks, Inc.*
Mark M. Supko, Esq.
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004-2595

Marissa D. Kelly, Esq.
STEARNS, WEAVER, MILLER, WEISSLER,
ALHADEFF & SITTERSON, LLP
200 E. Broward Boulevard, Suite 1900
Fort Lauderdale, Florida  33301

                                                                    ___s/ Gregory L. Hillyer_____