UNITED STATES DISTRICT COURT
DISTRICT OF SOUTHERN FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 05-80300-CIV-MARRA/SELTZER

LINEX TECHNOLOGIES, INC.,

        Plaintiff,

  v.

MOTOROLA, INC.; NORTEL NETWORKS,
INC.; TROPOS NETWORKS, INC.;
FIRETIDE, INC.; STRIX SYSTEMS, INC.,
and BELAIR NETWORKS, INC.,

        Defendants.

**DEFENDANT STRIX SYSTEMS, INC.S' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO LINEX TECHNOLOGIES, INC.'S**
**FIRST AMENDED COMPLAINT**

Defendant Strix Systems, Inc. ("Strix") hereby responds to the First Amended Complaint by Plaintiff Linex Technologies, Inc. ("Linex").

    1.    Regarding the allegations of paragraph 1, Strix is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

    2.    Regarding the allegations of paragraph 2, Strix is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

    3.    Regarding the allegations of paragraph 3, the allegations are admitted.

    4.    Regarding the allegations of paragraph 4, Strix is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

5. Regarding the allegations of paragraph 5, Strix admits that the First Amended Complaint purports to state a cause of action arising under the patent laws of the United States, and for that reason, the Court has jurisdiction under 35 U.S.C. §1338(a).

6. Regarding the allegations of paragraph 6, Strix admits that venue is proper for the claims against it because it is subject to personal jurisdiction in this Court for such claims. Strix denies the remaining allegations of the paragraph.

6.[1] Regarding the allegations of paragraph 6, Strix admits that Exhibit A to the First Amended Complaint is a copy of U. S. Patent No. 6,493,377 ("the '377 patent"), which is entitled "Distributed Network, Spread-Spectrum System."  With respect to the remaining allegations, Strix is without knowledge or information sufficient to form a belief as to their truth and therefore denies the same.

7. Regarding the allegations of paragraph 7, the allegation is not an assertion of fact for which an answer is required.

8. Regarding the allegations of paragraph 8, Strix is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

9. Regarding the allegations of paragraph 9, Strix is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

10. Regarding the allegations of paragraph 10, Strix admits that it manufactures and sells Access/One Network IWS and Access/One Network OWS products, and such products relate to mesh network and mesh network components. Strix denies the remaining allegations of the paragraph.

---

[1] Strix notes that the First Amended Complaint contained consecutive paragraphs numbered "6." In order to track the First Amended Complaint, this Answer has similarly numbered paragraphs.

11. Regarding the allegations of paragraph 11, Strix is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

12. Regarding the allegations of paragraph 12, Strix denies the allegations to the extent they are directed to the activities of Strix. With respect to the remaining allegations, Strix is without knowledge or information sufficient to form a belief as to their truth and therefore denies the same.

13. Regarding the allegations of paragraph 13, Strix admits that Exhibit B to the First Amended Complaint is a copy of U. S. Patent No7,167,503 ("the '503 patent"), which is entitled "Distributed Network, Spread-Spectrum System."  With respect to the remaining allegations, Strix is without knowledge or information sufficient to form a belief as to their truth and therefore denies the same.

14. Regarding the allegations of paragraph 14, the allegation is not an assertion of fact for which an answer is required.

15. Regarding the allegations of paragraph 15, Strix is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

16. Regarding the allegations of paragraph 16, Strix is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

17. Regarding the allegations of paragraph 17, Strix admits that it manufactures and sells Access/One Network IWS and Access/One Network OWS products, and that such products relate to mesh network and mesh network components. Strix denies the remaining allegations of the paragraph.

18. Regarding the allegations of paragraph 18, Strix is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

19. Regarding the allegations of paragraph 19, Strix denies the allegations to the extent they are directed to the activities of Strix. With respect to the remaining allegations, Strix is without knowledge or information sufficient to form a belief as to their truth and therefore denies the same.

20. No response is deemed necessary to Linex's jury demand.

21. To the extent any allegations of the First Amended Complaint are not addressed above, they are denied.

## AFFIRMATIVE DEFENSES

In further response to the First Amended Complaint, and as affirmative defenses, Strix alleges as follows:

1. After an opportunity for sufficient discovery, the evidence will demonstrate that the '377 patent is invalid for failure to comply with the requirements of 35 U.S.C. §§ 102, 103 and/or 112.

2. After an opportunity for sufficient discovery, the evidence will demonstrate that the '503 patent is invalid for failure to comply with the requirements of 35 U.S.C. §§ 102, 103 and/or 112.

## COUNTERCLAIM FOR DECLARATORY RELIEF

1. Strix incorporates herein as if fully set forth the admissions, allegations and denials set forth above.

2. This is an action for a declaratory judgment of non-infringement and invalidity of U. S. Patent No. 6,493,377 ("the '377 patent") and U. S. Patent No. 7,167,503 ("the '503 patent") (collectively, the "patents-in-suit").

3. There is a justifiable controversy between plaintiff and Strix as to whether Strix has infringed any patent rights owned by plaintiff, including any valid claims of the patents-in-suit.

4. Strix has not infringed the patents-in-suit, and is entitled to a declaratory judgment that it has not infringed.

5.  After an opportunity for sufficient discovery, the evidence will demonstrate that the patents-in-suit including the asserted claims of the patents-in-suit, are invalid, and Strix is entitled to a declaratory judgment that the patents-in-suit are invalid.

**WHEREFORE**, Defendant Strix Systems, Inc. respectfully requests the Court to enter a judgment as follows: (1) That all claims against Strix be dismissed with prejudice, and that Linex take nothing by way of the Complaint; (2) That Linex, including its directors, officers, attorneys, agents and all persons in active participation or in concert with such persons, be permanently enjoined from asserting that Strix or any of Strix's customers, distributors or agents have infringed, directly or indirectly, the '377 or '503 patents-in-suit or any of Linex's patent rights, and have not, in particular, infringed any of plaintiff's rights as a result of the making, sale, offer for sale, or use of any products manufactured or distributed by Strix; (3) That the case be declared exceptional, and that Linex be required to pay Strix's attorneys' fees and costs pursuant to 35 U.S.C. §285 or as otherwise permitted by law; and (4) That Strix be granted any further relief that the Court deems just and proper.

Respectfully submitted,

BERGER SINGERMAN
Attorneys for Strix Systems, Inc.
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL  33301
Phone: (954) 525-9900
Fax: (954) 523-2872

By:   s/ Charles H. Lichtman
Charles H. Lichtman
Florida Bar No. 501050
clichtman@bergersingerman.com

        PERKINS COIE LLP

        Ramsey M. Al-Salam (Admitted *Pro Hac Vice*)
        Ryan J. McBrayer
        1201 Third Avenue, 40th Floor
        Seattle, WA  98101
        Phone: (206) 359-8000/Fax: (206) 359-9000

        Attorneys for Defendant Strix Systems, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF unless otherwise specified.

                                  By:   s/ Charles H. Lichtman_____
                                        Charles H. Lichtman

## SERVICE LIST

**Counsel for Linex Technologies, Inc.**
Julie Braman Kane, Esq.
Fla. Bar No. 980277
Colson Hicks Eidson
Aragon Avenue, 2nd Floor
Coral Gables, FL 33134-5008
Tel: (305) 476-7400/Fax: (305) 476-7444
E-mail: Julie@colson.com
Service Via CM/ECF

Edward W. Goldstein, Esq.
Corby R. Vowell, Esq.
Stephen W. Abott, Esq.
Goldstein, Faucett & Prebeg, LLP
1177 West Loop South, Suite 400
Houston, TX 77027
Tel: (713) 877-1515/Fax: (713) 877-1737
E-mail: egoldstein@gfpiplaw.com
E-mail: cvowell@gfpiplaw.com
E-mail: sabot@gfpiplaw.com

**Counsel for Troops Networks, Inc.**
James A. Gale, Esq.
Fla. Bar No. 371726
Gregory L. Hillyer, Esq.
Fla. Bar No. 682489
Feldman Gale, P.A.
Miami Center, Suite 1920
201 South Biscayne Blvd.
Miami, FL 33131-4332
Tel: (305) 358-5001/Fax: (305) 358-3309
E-mail: jgale@feldmangale.com
E-mail: ghillyer@feldmangale.com
Service Via CM/ECF

**Counsel for Nortel Networks, Inc.**
Marissa D. Kelley, Esq.
Fla. Bar No. 379300
Stearns, Weaver, Miller, Weissler,
Alhadeff & Sitterson, L.L.P.
200 E. Broward Blvd., Suite 1900
Ft. Lauderdale, FL 33301-1949
Tel: (954) 462-9500/Fax: (954) 462-9567
Service Via CM/ECF

Mark M. Supko, Esq.
Michael H. Jacobs, Esq.
Crowell & Moring, L.L.P.
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
Tel: (202) 624-2500/Fax: (202) 628-5116
E-mail: msupko@crowell.com
E-mail: mjacobs@crowell.com
Service Via CM/ECF