IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 05-80300 CIV-MARRA/SELTZER

LINEX TECHNOLOGIES, INC.,

          Plaintiff,

v.

MOTOROLA, INC., NORTEL NETWORKS
INC., TROPOS NETWORKS, INC., and
STRIX SYSTEMS, INC.,

          Defendants.

**DEFENDANTS' JOINT REPLY MEMORANDUM OF LAW IN SUPPORT OF
ADDITIONAL AND REVISED CLAIM CONSTRUCTION TERMS**

    Defendants Nortel Networks Inc., Tropos Networks, Inc., and Strix Systems, Inc.

(collectively, "Defendants"), by and through their undersigned counsel, respectfully submit this

reply memorandum in support of their proposed constructions of the six claim terms in U.S.

Patent Nos. 6,493,377 and 7,167,503 currently being addressed by the parties.

    Despite its protests to the contrary, Plaintiff continues to misconstrue or ignore the weight

of the intrinsic evidence in arguing for overly broad constructions that far exceed the scope of the

invention described in the patents-in-suit.

**I.**      **Analysis of Disputed Claim Terms**

      **A.**    **Capable of Communicating – Claims 16 and 22 in the '377 Patent,
             And Claims 1, 2, 15, 18, and 30 in the '503 Patent**

    In its opposition brief, Plaintiff continues to assert that "capable of communicating" is an

easily understood term that need not be construed by the Court, but instead should simply be

accorded its ordinary meaning by the jury (albeit without telling the jury what that ordinary

meaning is).  DE 130-1 at 9-11.  However, the law is clear that a claim term is not to be given its

ordinary meaning when the patent specification evidences a different usage of that term.  *See*

*CCS Fitness, Inc. v. Brunswick Corp*., 288 F.3d 1359, 1366 (Fed. Cir. 2002) ("[A] claim term

will not receive its ordinary meaning if the patentee acted as his own lexicographer and clearly

set forth a definition of the disputed claim term in . . . the specification . . . ."); *Vitronics Corp. v.*

*Conceptronic, Inc*., 90 F.3d 1576, 1582 (Fed. Cir. 1996) ("The specification acts as a dictionary

when it expressly defines terms used in the claims or when it defines terms by implication.").

Here, Defendants have explained at length why "capable of communicating" in the context of the

patents-in-suit is properly construed as referring to the direct transmission and/or receipt of

packets between adjacent nodes.  *See* DE 124 at 3-6; DE 131 at 2-3.

  In attempting to bolster its flawed construction, Plaintiff repeatedly mischaracterizes

Defendants' proposed construction as seeking to limit the scope of the claimed invention to only

hard-wired networks configured in a linear or grid-like pattern.  DE 130-1 at 9-10.  But even a

cursory review of Defendants' construction exposes Plaintiff's argument as a straw man.  As

used in the patents-in-suit, "capable of communicating" *requires* that two nodes be able to

transmit packets between themselves "directly," that is, without any other nodes arranged

between them.  *See, e.g.,* '377 patent at col. 4, lines 46-67; Figs. 2 and 3.  Thus, Defendants'

construction does not unnecessarily limit the medium by which the packet travels between

adjacent nodes, whether wired or wireless.

  Similarly, Plaintiff's explanation of the possible use of an omni-directional antenna in an

embodiment of the claimed network fails to support the overly broad construction Plaintiff seeks.

*See* DE 130-1 at 10.  Contrary to Plaintiff's argument, Defendants have never suggested that the

final destination for a packet originating at one node can only be an adjacent node.  However,

when the patent specification describes two nodes being "capable of communicating" with one another, that term is not being used in the generic sense of the ability to get a packet from one node to another. Rather, that term is used in a very specific way to refer to direct communications between two nodes, irrespective of whether the receiving node may re-transmit the packet on to some other node.

**B.    Flow-Control System – Claim 15 in the '503 Patent**

Defendants have addressed this term in great detail in their previous briefs. DE 124 at 6-8; DE 131 at 3-7. In its opposition brief, Plaintiff argues at length that the '503 patent discloses both a central system (where a central controller gathers data from all nodes) and distributed flow-control systems (where each node gathers data from the other nodes) (DE 130-1), but this argument misses the point. The fact that multiple embodiments are disclosed in a patent does not mean that all of the claims should be construed as encompassing all of those embodiments particularly where, as here, the language of the claim in question excludes a given embodiment. *See Lucent Techs., Inc. v. Gateway, Inc*., Nos. 2007-1334, 2007-1337, 2007-1376, 2008 WL 1970225, *13 (Fed. Cir. May 8, 2008). Significantly, Plaintiff's opposition completely ignores Defendants' primary argument: the structure of claim 15 in the '503 patent requires that the flow-control system be an element of the distributed network and be separate and distinct from the plurality of remote stations and the plurality of nodes. Accordingly, the flow-control system cannot be interpreted as a component of each node as Plaintiff contends.

**C.    Central Flow-Control Management System – Claim 30 in the '503 Patent**

Defendants have already adequately addressed Plaintiff's arguments concerning the proper construction of "central flow-control management system" in their opposition memorandum. *See* DE 131 at 8. Interestingly, Plaintiff again concedes that the "central flow-

control management system" *is* limited to a centralized system.  DE 130-1 at 8.  However,

despite its willingness to concede this point in its briefing, Plaintiff apparently is unwilling to

concede this point before the jury, as its proposed construction contains no such limitation.

> **D.**     **First Multiplicity of Neighboring Nodes – Claims 16 and 22 in the**
>             **'377 Patent**

Plaintiff devotes nearly a third of its opposition brief to an extended argument designed to

show that the term "first multiplicity of neighboring nodes" should be construed to cover each

and every node within the claimed distributed network that is within "communication range" of a

first node.  DE 130-1 at 2-6.  Yet, despite the lengths to which Plaintiff goes to support its

construction, the issue before the Court is really quite simple – Plaintiff's proposed construction

is legally erroneous because it renders this claim limitation completely meaningless.  *See*, *e.g.*,

*Bicon, Inc. v. The Straumann Co.*, 441 F.3d 945, 951 (Fed. Cir. 2006).

By definition, every node in the distributed network can send a packet to any other node

in the network, and indeed the point of the claimed invention is to determine an efficient path

along a potentially extended route between nodes at opposite corners of the network.  In the

claims, however, the term "first multiplicity of *neighboring* nodes" is intended to draw a

distinction between a group of nodes and all of the other nodes in the network (presumably, the

non-neighboring nodes).  Indeed, the use of the word "neighboring" clearly indicates nearby or

adjacent nodes.  Under Plaintiff's construction, even nodes at the farthest reaches of the network

are "neighboring" because a packet can work its way from one to the other.  Under such a

construction, there are no nodes in the network that are *not* neighbors under Plaintiff's

construction.  Because it violates a fundamental tenet of claim construction law, Plaintiff's

proposed construction should be rejected.  *See id.*

### E.      First Traffic Information – Claim 22 in the '377 Patent

Defendants' proposed construction of "first traffic information" is well supported by the intrinsic evidence, as set forth in detail in Defendants' Memorandum and Opposition.  *See* DE 124 at 10-11; DE 131 at 9-10.  Plaintiff apparently would have the Court construe only the word "first" in this term, leaving it to the jury to figure out what "traffic information" means, or possibly hoping the jury will connect the dots and pull in the Court's construction of the term "traffic information" when it appears alone in some other claim.  *See* DE 130-1 at 6.  The claim at issue, however, does not recite "traffic information" alone, so it is both appropriate and necessary to construe the entire term to enable the jury to make a reasoned determination of infringement and validity.

### F.      Second Node – Claims 16 and 22 in the '377 Patent and Claims 1, 2, 15, 18, and 30 in the '503 Patent

Although Plaintiff continues to insist that "second node" needs no construction, it has now conceded, in an alternate construction, that a direct link is necessary between the first and second nodes.  Plaintiff's new alternate construction, however, still comes up short as it does not specify that the second node must be selected from one of the neighboring nodes.  *See* DE 124 at 11-12; DE 131 at 10.  Contrary to Plaintiff's argument, it is appropriate for this Court to construe a term in view of surrounding language in the same claim, as Defendants have done.  *Pause Technology LLC v. Tivo Inc.*, 419 F.3d 1326, 1331 (Fed. Cir. 2005) (rejecting argument that "regardless of what claim language appears in a later portion of the claim, that language should not be read into the interpretation of a separate claim element").  Therefore, Defendants' proposed construction of this term should be adopted by the Court.

**G.      Plaintiff's "Alternative Proposed Constructions"**

Plaintiff's opposition memorandum did not present further argument in support of its alternative proposed constructions of the terms "node," "destination address" and "traffic density," all of which were presented for the first time in Plaintiff's opening memorandum. Accordingly, Defendants do not address those terms further here.  However, Defendants reserve the right to seek leave to file a surreply in the event Plaintiff raises new issues regarding those terms in its reply memorandum.

II.    <u>Conclusion</u>

Defendants respectfully request that the Court reject Plaintiff's proposed constructions and adopt those presented by Defendants for the reasons stated herein and in Defendants' Joint Memorandum of Law in Support of Additional Claim Construction Terms.[1]

Dated: May 23, 2008

/s/Michael H. Jacobs
Mark M. Supko
msupko@crowell.com
Michael H. Jacobs
mjacobs@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004
Tel:  (202) 624-2500
Fax:  (202) 628-5116

Marissa D. Kelley (Bar No. 379300)
mkelley@swmwas.com
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
200 East Las Olas Boulevard
21st Floor (PH A)
Fort Lauderdale, Florida  33301
Tel:  (954) 462-9500
Fax:  (954) 462-9567

ATTORNEYS FOR NORTEL NETWORKS INC.

---

[1] The undersigned has been authorized by Tropos Networks, Inc. and Strix Systems, Inc. to file this joint memorandum of law on behalf of Defendants.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 23, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the parties of record on the attached Service List.

<u>/s/Michael H. Jacobs</u>
Michael H. Jacobs

## SERVICE LIST

| | |
|---|---|
| Edward Goldstein, Esq.<br>GOLDSTEIN & FACCETT, LLP<br>1177 West Loop South, Suite 400<br>Houston, TX  77027<br>Tel:  (713) 877-1515<br>Fax: (713) 877-1737<br>Email: egoldstein@gfiplaw.com<br><br>Julie B. Kane<br>COLSON HICKS EIDSON<br>255 Aragon Avenue, 2nd Floor<br>Coral Gables, FL  33134-5008<br>Tel:  (305) 476-7400<br>Fax: (305) 476-7444<br>Email: Julie@colson.com<br><br>ATTORNEYS FOR LINEX TECHNOLOGIES, INC. | Ramsey M. Al-Salam, Esq.<br>PERKINS COIE, LLP<br>1201 Third Avenue, Suite 4800<br>Seattle, WA  98101-3099<br>Tel:  (206) 359-6385<br>Fax: (206) 359-9000<br>Email: ralsalam@perkinscoie.com<br><br>Charles H. Lichtman, Esq.<br>BERGER SINGERMAN<br>350 East Las Olas Blvd.<br>Ft. Lauderdale, FL  33301<br>Tel:  (954) 525-9000<br>Fax: (954) 523-2874<br>Email: clichtman@bergersingerman.com<br><br>ATTORNEYS FOR STRIX SYSTEMS, INC. |
| James A. Gale, Esq.<br>Gregory L. Hillyer, Esq.<br>FELDMAN GALE, P.A.<br>Miami Center, Suite 1920<br>201 South Biscayne Boulevard<br>Miami, FL  33131<br>Tel:  (305) 358-5001<br>Fax: (305) 358-3309<br>Email: jgale@feldmangale.com<br><br>ATTORNEY FOR TROPOS NETWORKS, INC. | |